**COMMONWEALTH of Pennsylvania,**
**Appellee,**

**v.**

**Samuel WALLACE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 25, 2001.

Filed July 25, 2002.

Robin Forrest, Philadelphia, for appellant.

Frederick A. Pettitt, Philadelphia, for appellee.

Before HUDOCK, STEVENS, and OLSZEWSKI, JJ.

STEVENS, J.

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after it convicted Appellant of possession of a controlled substance with the intent to deliver and possession of an instrument of crime. Appellant's sole claim on appeal is that the court erred in denying his pretrial motion to dismiss charges under Pa.R.Crim.P. 1100.[1] We affirm.

¶ 2 On September 9, 1998, Officer Ronald Jones of the Philadelphia Police De-

---

1. Rule 1100 was renumbered Rule 600 as part of the renumbering and reorganization of the Rules of Criminal Procedure the Supreme Court adopted on March 1, 2000, and effected on April 1, 2001. We refer to Rule 1100 throughout this opinion as the present case preceded the effective date of the Rules' renumbering.

partment's Narcotics Task Force received word from a confidential informant that a black male was selling heroin from inside 1636 South Seventh Street, Philadelphia. Given such information, Officer Jones established surveillance and arranged a controlled buy at the address. From his lawful vantage point, Officer Jones witnessed a black male outside 1636 South Seventh Street hand the confidential informant a packet of what was later identified as heroin in exchange for money supplied to the informant. On the basis of such information, a search and seizure warrant for the first floor apartment at 1636 South Seventh Street was issued.

¶ 3 Before executing the warrant on September 11, 1998, Officer Jones established a second surveillance and observed a black male later identified as Appellant engage in two separate drug deals. For his part, Appellant accepted money outside 1636 South Seventh Street, entered the building briefly, returned with a packet of what appeared to be narcotics, and delivered the packet to the buyer. The deals completed, Officer Jones and other members of the task force converged upon the address to execute the warrant. They first apprehended Appellant and his girlfriend, Yamilet Rios, and then recovered from the apartment thirty-two packets of marijuana, sixty-three prescription pills, sixty-seven packets of heroin, numerous new and used packets commonly used in drug sales, a .22 caliber handgun, ninety-nine dollars in currency, and a gas bill for the premises addressed to Appellant. Body searches also uncovered sixty-four dollars from Appellant and forty-eight dollars from Rios.

¶ 4 The officers arrested Appellant and Rios, and the Commonwealth filed criminal complaints against both on September 12, 1998. For reasons to be discussed *infra*, joint trial on the charges did not com-

mence within the next year. Therefore, on October 26, 1999, though the Commonwealth was prepared to try the case against Appellant, defense counsel moved to dismiss all charges pursuant to the statutory right to prompt trial as found in Rule 1100. The court received evidence and testimony on the motions to dismiss, but it denied them by order three days later, on October 29, 1999.

¶ 5 After the court granted a subsequent defense motion for recusal of the presiding judge, a one-day joint trial commenced on February 10, 2000 and concluded with convictions on all charges. On April 3, 2000, Appellant was sentenced to serve a term of two (2) to four (4) years incarceration at a state correctional facility. This timely appeal followed.

¶ 6 Appellant alleges error with the denial of his Rule 1100 motion to dismiss charges where his trial did not commence within 365 days after the criminal complaint was filed. In evaluating Rule 1100 issues, our standard of review is whether the trial court abused its discretion. *Commonwealth v. Hill,* 558 Pa. 238, 244, 736 A.2d 578, 581 (1999). The proper scope of review in determining the propriety of the trial court's ruling is limited to the evidence on the record of the Rule 1100 evidentiary hearing and the findings of the lower court. *Id.* (citing *Commonwealth v. Matis,* 551 Pa. 220, 227, 710 A.2d 12, 15 (1998)). In reviewing the determination of the hearing court, an appellate court must view the facts in the light most favorable to the prevailing party. *Commonwealth v. Edwards,* 528 Pa. 103, 105, 595 A.2d 52, 53 (1991).

¶ 7 In pertinent part, Rule 1100 states:
**RULE 1100 PROMPT TRIAL**

(a)(3) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is at

liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

\* \* \* \*

(c) In determining the period for commencement of trial, there shall be excluded therefrom:

. . .

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or the defendant's attorney;

(ii) any continuance granted at the request of the defendant or the defendant's attorney.

\* \* \* \*

(g) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Com-

monwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa.R.Crim.P. 1100.

¶ 8 We first address the trial court's finding that Appellant waived his Rule 1100 motion when he failed to object to a continuance that pushed trial's commencement beyond what he believed to be the adjusted run date. Specifically, the Commonwealth requested a continuance on August 12, 1999, as it was unprepared for trial. The court granted the Commonwealth's request and continued the case to October 26, 1999, fifteen days beyond what Appellant argues was the adjusted run date.

¶ 9 It is clear that rights under Rule 1100 may be waived. *Commonwealth v. Wells*, 513 Pa. 463, 521 A.2d 1388 (1987). However, we have rejected the position that Rule 1100 rights are waived when a defendant offers no objection to a court's scheduling a trial date beyond the run date. "A defendant has no duty to object when his trial is scheduled beyond the Rule 6013[2] time period so long as he does not indicate that he approves of or accepts the delay." *Commonwealth v. Taylor*, 409 Pa.Super. 589, 598 A.2d 1000, 1003 (1991) (footnote added). Therefore, Appellant's silence in response to a trial listing date beyond the purported run date did not effect a waiver of his right to bring a Rule 1100 motion before trial's commencement.

¶ 10 Appellant's remaining allegation is that the court wrongfully considered the time between the filing and the resolution of his pretrial suppression motion, which included a request that the Commonwealth to produce *Hall*[3] discovery, as "excludable"

---

**2.** The Municipal Court's counterpart to Rule 1100.

**3.** In *Commonwealth v. Hall,* 451 Pa. 201, 302 A.2d 342 (1973), the Supreme Court held that

under Rule 1100(c)(3)(i). Where the Commonwealth failed to exercise due diligence in responding to the motion, Appellant argues, the time taken by the Commonwealth to produce discovery should not have been held against Appellant as "excludable time." We find no abuse of discretion where it was reasonable for the court to deem excludable the first eighty-four days after both defendants made omnibus pretrial motions.

¶ 11 When a defendant is deemed unavailable for trial, the time is excludable from the Rule 1100 calculation. See Rule 1100(c)(3)(i), *supra.* The mere filing of a pretrial motion by a defendant, however, does not automatically render him unavailable. Rather, a defendant is unavailable only if the filing of the pretrial motion caused a delay in the commencement of trial. *Hill,* 558 Pa. at 254, 736 A.2d at 587. Moreover, to establish that the delay is excludable, the Commonwealth must demonstrate, by a preponderance of the evidence, that it exercised due diligence in opposing or responding to the pretrial motion; a delay caused by the Commonwealth's lack of due diligence will not constitute excludable time. *Id.*

¶ 12 Here, the record reveals that Appellant filed omnibus pretrial motions for suppression of evidence and for *Hall* discovery to enable litigation of the suppression motion on January 25, 1999, while Co-Defendant Rios filed similar motions on February 26, 1999. After the February 26, 1999, motion, the court continued the case until the next listing on May 20, 1999. On May 20, 1999, the Commonwealth produced the requested district control ("DC") numbers of previous drug arrests attributable to information supplied by the confidential informant, but did not produce

police reports that corresponded to the DC numbers. Defense counsel explained to the court that it would be unable to proceed without police reports, and the court continued the case until August 12, 1999, attributing the prospective delay to both parties—the defense for relying on the Commonwealth to provide that which was discoverable through their own efforts, and the Commonwealth for not anticipating the defense's additional request.

¶ 13 In considering the Rule 1100 motion subsequently raised, the court first looked to the eighty-four day continuance from February 26 and May 20 granted for the defense's omnibus pretrial motion and determined that the motion made Appellant unavailable for purposes of Rule 1100. Reviewing the record in a light most favorable to the Commonwealth as prevailing party, we discern no reversible error with the court's conclusion. The record reveals that the omnibus motion not only required the Commonwealth to gather information from eight other criminal cases but also presented a suppression motion, which the Commonwealth would contest. Appellant's pretrial motion thus placed an obligation on the Commonwealth that required delay of trial's commencement equal to the duration of the initial continuance set by the court. This case, therefore, was not one where the motion was ripe for immediate consideration but was deferred for resolution until the commencement of trial, an elective judicial practice for which no excludable time attaches. *See Hill,* 558 Pa. at 255 n. 7, 736 A.2d at 587 n. 7.

¶ 14 Likewise, we agree with the lower court that the Commonwealth's production in response to the motion, though not to the defense's complete satis-

an accused may obtain discovery relating to the reliability of the confidential informant

relied upon in the affidavit of probable cause.

faction, was duly diligent in the continuance period ending May 20, 1999. Due Diligence is a fact-specific concept that is determined on a case-by-case basis. *Commonwealth v. Peer*, 454 Pa.Super. 109, 684 A.2d 1077, 1081 (1996). Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth. *Hill*, 558 Pa. at 256, 736 A.2d at 588.

¶ 15 Here, we are reluctant to find due diligence lacking where the most that the Commonwealth has been accused of is a failure to anticipate that which the defendants did not specifically request. Having produced the DC numbers relating to the confidential informant by the next listing date, the Commonwealth was found to have made "reasonable efforts" to accommodate the defense's *Hall* request. More important, even an utmost punctilious response by the Commonwealth to the omnibus motion would not have accelerated the next listing before May 20, 1999.

¶ 16 Accordingly, the court's decision to exclude the eighty-four days spanning February 26, 1999 to May 20, 1999 under Rule 1100(c)(3)(i) was proper. When added to the twenty-nine days from October 22, 1998 to November 20, 1998 that Appellant was admittedly unavailable for a court date due to a hospital stay, the time in question adjusts the run date from September 11, 1999 to January 2, 2000. Because Appellant filed his Rule 1100 motion on October 26, 1999, well before the adjusted run date, his motion was properly denied.

¶ 17 For the foregoing reasons, we affirm judgment of sentence entered below.

¶ 18 Affirmed.