J-S29007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                           : PENNSYLVANIA
                           :
               v.               :
                           :
                           :
ART DAWSON                  :
                           :
              Appellant    : No. 749 EDA 2019

Appeal from the PCRA Order Entered February 7, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007756-2012

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED JULY 17, 2020**

Appellant, Art Dawson, appeals from the order entered in the

Philadelphia County Court of Common Pleas on February 7, 2019, which

dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546, without a hearing. We affirm.

The facts underlying Dawson's conviction are not germane to the

disposition of the instant appeal, however a brief summary of the facts and

procedural history follows in order to provide context to Dawson's claims.

On March 13, 2015, after a jury trial, Dawson was found guilty of

aggravated assault and simple assault related to an incident in which he

attacked the mother of his three-month-old son. He was sentenced to six to

_____

[*] Retired Senior Judge assigned to the Superior Court.

fifteen years' incarceration. Dawson did not file a post sentence motion. He did, however, file a direct appeal, challenging the sufficiency of the evidence underlying his conviction for aggravated assault. This Court affirmed his judgment of sentence.

Dawson timely filed a *pro se* PCRA petition. Counsel was appointed, who filed an amended PCRA petition, raising a single assertion of ineffectiveness of trial counsel. Dawson faulted trial counsel for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 600 (providing that when a defendant is not brought to trial within a particular timeframe, he or she is entitled to have the case dismissed with prejudice). The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 and subsequently dismissed the petition. This timely appeal followed.

Dawson contends the PCRA court erred by dismissing his claim that his trial counsel was ineffective for failing to file and argue a motion to dismiss based on a violation of his speedy trial rights under Pa.R.Crim.P. 600. We consider this issue mindful of the following.

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (internal citations and quotation marks omitted).

As Dawson's Rule 600 claim implicates the ineffective assistance of counsel, we keep the following in mind.

> Counsel is presumed effective, and an appellant has the burden of proving otherwise. In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction.

***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super. 2018) (internal citations and quotation marks omitted).

Pursuant to Rule 600, a criminal trial must "commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). After 365 days have passed, a defendant "may file a written motion requesting that the charges be dismissed with prejudice." ***Id***. at 600(D)(1).

Rule 600 provides the following for computing the time within which a trial must commence.

> [P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

As this Court has stated:

Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

***Commonwealth v. Hunt***, 858 A.2d 1234, 1239 (Pa. Super. 2004) (en banc)

(citation omitted; brackets in original). Furthermore,

Rule 600 "provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time." The adjusted run date is calculated by adding to the mechanical run date, i.e., the date 365 days from the complaint, both excludable time and excusable delay. "Excludable time" is classified as periods of delay caused by the defendant. "Excusable delay" occurs where the delay is caused by circumstances beyond the Commonwealth's control and despite its due diligence. "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." Due diligence includes, inter alia, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600. Periods of delay caused by the Commonwealth's failure to exercise due diligence must be included in the computation of time within which trial must commence.

***Commonwealth v. Moore***, 214 A.3d 244, 248-249 (Pa. Super. 2019)

(citations omitted).

The Pennsylvania Supreme Court has noted that "time attributable to the normal progression of a case simply is not 'delay' for purposes of Rule

600." ***Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017). The ***Mills*** Court rejected a bright-line rule that "ordinary trial preparation" is "excludible as a matter of course." ***Id***. at 325, n.1. Instead, the ***Mills*** Court emphasized that "courts of original jurisdiction must apply judgment in distinguishing between delay attributable to the court and that which should be allocated to a party." ***Id***. at 325.

Ordinarily, upon the proper and timely filing of a Rule 600 motion, it would be the Commonwealth's burden to establish that due diligence was exercised in bringing an appellant to trial. ***See Commonwealth v. Colon***, 87 A.3d 352, 359 (Pa. Super. 2014). The procedural posture of this case, however, is such that Dawson, upon collateral review, is attempting to demonstrate trial counsel was ineffective for failing to pursue a Rule 600 claim. Thus, Dawson bears both the burden of demonstrating that there was arguable merit to his motion, and he was prejudiced by the failure of trial counsel to pursue the motion. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007).

By June 30, 2014, when the Commonwealth requested a continuance due to the unavailability of the assigned prosecutor, seven hundred and fifty one days had passed since the Commonwealth had filed its complaint against Dawson. However, much of this time is excusable or excludable. This includes the time between the scheduling conference and the first trial date, time attributable to a joint request for continuance for possible non-trial disposition,

a defense continuance due to rejecting a pre-trial offer and requesting a jury trial, a joint request for continuance to analyze DNA evidence, and time attributable to a defense motion to introduce evidence of past sexual conduct of the victim.

Here, the record reflects that the Commonwealth filed its complaint against Dawson on June 9, 2012. The mechanical run date, per Rule 600(A)(3), was June 9, 2013.

First, we consider the 322-day period between August 28, 2012 and July 16, 2013. On August 28, 2012, a scheduling conference was held and the trial court scheduled the case for trial on July 16, 2013. It is uncontested that this was the earliest possible date on which the trial could be held. This period is attributable to the trial court's full calendar and not to the Commonwealth's lack of diligence. Therefore, the 322-day period between the scheduling conference and the original trial date is excusable pursuant to Rule 600(G). Addition of 322 days of excludable time results in an adjusted run date of April 27, 2014.

On July 16, 2013, the date scheduled for trial, *both* parties requested a continuance to attempt to negotiate a possible non-trial disposition. This Court has previously held that a joint continuance is excludable delay. **See Hunt**, 858 A.2d at 1241. On July 19, 2013, Dawson rejected the Commonwealth's pre-trial offer and requested a jury trial. The court set the new trial date for March 18, 2014. The 3-day delay between the court granting a continuance,

and Dawson rejecting the offer is excludable as it was due to a joint request for continuance. The 242-day period between July 19, 2013 and March 18, 2014 is also excludable as the defense requested a new trial be set, and the court set the next possible date. Addition of 245 days brings the adjusted run date to December 28, 2014.

On March 18, 2014, after a trial readiness conference, there was another joint request for a continuance to analyze DNA evidence. The continuance was granted and trial was set for June 2, 2014. Again, joint requests for continuance are excludable. **See id**.

On May 23, 2014, Dawson filed a motion to introduce evidence of past sexual conduct. On May 27, 2014, the Commonwealth filed a response. On May 29, 2014, the court held a trial readiness conference and determined that both sides were ready, but took the defense motion under advisement and continued the trial until June 6, 2014. On June 6, 2014, the court granted the Commonwealth a continuance to supplement its brief in opposition to Dawson's motion. The court set a new trial date of June 30, 2014.

Delay caused by Dawson's motion is generally excludable. However, the Commonwealth must still exercise due diligence in responding to the motion. **See** Pa.R.Crim.P. 600(C)(1); **see also Commonwealth v. Wallace**, 804 A.2d 675, 679 (Pa. Super. 2002) (addressing prior Rule 1100). Dawson has failed to establish that the Commonwealth did not utilize due diligence in responding to his motion. Absent some extreme circumstance, we cannot

conclude that taking four days to file a brief opposing the defense motion constituted a lack of due diligence. Nor can we conclude that the Commonwealth was responsible for the time between the filing of its initial brief and its request to supplement its brief; the court had taken the motion under advisement and had not yet issued a ruling.

Even if we were to assume the Commonwealth's request to supplement its brief is indicative of a lack of due diligence, this would only apply to the 24 days between June 6 and June 30, when the Commonwealth requested a continuance due to the unavailability of the assigned prosecutor. This would result in 80 days between March 18, 2014, and June 6, 2014, being excludable. Addition of 80 days to the adjusted run date dictates that the final run date in this matter could not have come earlier than March 18, 2015. Since Dawson's trial took place on March 13, 2015, a Rule 600 motion would have been meritless.

As a Rule 600 motion would have been meritless, we find Dawson's underlying claim is without merit since counsel cannot be deemed ineffective for failing to pursue a meritless claim. **See Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

In light of the foregoing, our review of this matter demonstrates that the record supports the PCRA court's denial of relief and is free from legal error and abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/20