J-S34012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTHONY AMENDOLA | : | No. 1309 WDA 2023 |

Appeal from the Order Entered November 1, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000677-2022

BEFORE:   DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                **FILED: January 8, 2025**

Appellant, the Commonwealth of Pennsylvania, appeals from the November 1, 2023 order of the Westmoreland County Court of Common Pleas dismissing charges filed against Appellee, Anthony Amendola, based upon a violation of Pa.R.Crim.P. 600.  After careful consideration, we are constrained to affirm.

As this case involves application of Rule 600, the procedural history is most relevant, and the facts supporting the charges are not.  Thus, we will address only the procedural history.  On December 31, 2021, the Commonwealth charged Appellee with Terroristic Threats and Simple Assault.[1]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2706(a)(1) and 2701(a)(1).

On June 27, 2022, the Commonwealth filed a motion to amend the bill of information to add one count of Endangering the Welfare of Children, graded as a third-degree felony.[2]  At a July 25, 2022 pretrial conference, the court granted Appellee 60 days to file a response to the Commonwealth's motion, following Appellee's receipt of the transcript of the preliminary hearing.  On October 25, 2022, the day after receiving the transcript, Appellee filed his objection to the motion to amend and "alternatively a request for a *habeas corpus* hearing on said amendment," to determine whether the Commonwealth could establish a *prima facie* case for the new charge, which had not been addressed at the preliminary hearing.  Appellee's Objection, 10/25/22, at 6-7 (unpaginated).

On October 27, 2022, the trial court granted the motion to amend and, most relevant to our analysis, entered an order directing that the court administrator schedule a one-hour hearing on Appellee's request for *habeas corpus* relief.   Nearly six months later, on April 13, 2023, the court administrator scheduled the hearing for June 1, 2023.  The record does not demonstrate any action taken by the District Attorney to expedite the scheduling of the hearing.

On May 24, 2023, Appellee filed a Rule 600 motion to dismiss.  On July 17, 2023, the court held a hearing on the Rule 600 motion, at which Peter Flanigan, the Westmoreland County Criminal Court Administrator, testified

---

[2] 18 Pa.C.S. § 4304(a)(1).

regarding the scheduling of the *habeas* hearing. The administrator explained that when a trial court issues an order to schedule a hearing, the administrator's office places the order at the bottom of a "bin" of orders for "hearings of longer duration, like habeases, suppression hearings and the like[,]" which are then "scheduled at the first available date for the respective courtrooms." N.T., 7/17/23, at 10. Based upon the administrator's testimony, the trial court found that "[a]fter the order makes its way to the top [of the bin], it is placed on the court's calendar at the earliest date consistent with the court's schedule as it exists at that time." Trial Ct. Op., 11/1/23, at 4 (unpaginated). "The only way to circumvent this process is for counsel of either party to seek a court order directing that the hearing be scheduled on a particular date or within a particular time period." *Id.*

On November 1, 2023, the trial court dismissed the charges under Rule 600, concluding that the Commonwealth failed to bring Appellee to trial prior to the adjusted run date, which the court determined to be April 2, 2023. In calculating the adjusted run date, the court excluded only the 92 days between July 25, 2022, and October 25, 2022, which covered the time the court granted to Appellee to respond to the Commonwealth's motion to amend the information.

In so doing, the court rejected the Commonwealth's request that the court exclude the 218 days from October 27, 2022, when the court ordered the scheduling of the *habeas corpus* hearing, to June 1, 2023, the date of the

*habeas corpus* hearing.[3]  The trial court concluded that "the Commonwealth did not present evidence that it exercised due diligence during the period of delay."  *Id.* at 5.  Specifically, the court found that "the Commonwealth had the opportunity to bring the final trial date issue to the Court's attention" and "had the ability to request a court order directing the Court Administrator to schedule a hearing on the defendant's motion prior to the expiration of the final trial date."  *Id.* at 11.  The court emphasized that the Commonwealth's "failure [was] particularly notable since the defendant's motion was filed to address issues raised by the Commonwealth's amendment of its criminal information which itself had already caused substantial delay."[4]  *Id.*

On November 3, 2023, the Commonwealth filed a notice of appeal.  The Commonwealth subsequently complied with Pa.R.A.P. 1925(b), and the trial court relied on its November 1, 2023 opinion for purposes of Rule 1925(a).

The Commonwealth raises the following questions on appeal:

I. Did the trial court err when it dismissed the case pursuant to Rule 600 in finding that the adjusted run date had passed?

II. Did the trial court err when it dismissed the case pursuant to Rule 600 in finding that the Commonwealth did not exercise due diligence?

---

[3] The record reflects that the court held a hearing on the *habeas* motion on June 1, 2023, and took the matter under advisement.

[4] The trial court also stated that the scheduling of the hearing "was done in the normal course" and was not a "anomaly in the judicial system."  Trial Ct. Op. at 13 n.7.  We, nevertheless, note with displeasure the 5½-month delay in scheduling the hearing for *habeas corpus* relief.  We find it unconscionable that a defendant would have to wait so long for a hearing.

Commonwealth's Br. at 4. We address these related issues jointly.

**A.**

In reviewing a trial court's Rule 600 decision, appellate courts apply an abuse of discretion standard. *See Commonwealth v. Faison*, 297 A.3d 810, 821 (Pa. Super. 2023), *appeal denied*, 320 A.3d 82 (Pa. 2024). A trial court abuses its discretion when it misapplies the law or enters an order that is manifestly unreasonable or the result of partiality, prejudice, bias or ill will. *Id.* "Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party." *Commonwealth v. Burno*, 154 A.3d 764, 793 (Pa. 2017) (citation omitted).

In applying Rule 600, courts must remain cognizant of the Rule's "dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution of criminal cases." *Commonwealth v. Barbour*, 189 A.3d 944, 955 (Pa. 2018) (citation omitted).

Rule 600 mandates that trial commence within 365 days of the Commonwealth's filing of a written complaint against a defendant. Pa.R.Crim.P. 600(A)(2)(a). In applying Rule 600, a court first calculates the "mechanical run date," which is 365 days after the Commonwealth filed the complaint. *Commonwealth v. Lear*, 325 A.3d 552, 560 (Pa. 2024). The court then accounts for and adds any excludable time to the mechanical run

date "to produce the 'adjusted run date,' which is the deadline for the Commonwealth to bring the defendant to trial under Rule 600." *Id.*

Rule 600(C)(1) governs the relevant computation of includable and excludable periods of delay:

> [P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

Under this provision, a trial court "must exclude from the time for commencement of trial any periods during which the defendant was unavailable[.]" *Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa. Super. 2004) (*en banc)*; *see also* Pa.R.Crim.P. 600(C) cmt. A defendant's filing of a pretrial motion, such as a motion to suppress, does not automatically result in the defendant being "unavailable" for trial. *Commonwealth v. Hill*, 736 A.2d 578, 587 (Pa. 1999); *see also Commonwealth v. Cook*, 865 A.2d 869, 875–76 (Pa. Super. 2004). "Rather, a defendant is unavailable only if the filing of the pretrial motion caused a delay in the commencement of trial." *Commonwealth v. Wallace*, 804 A.2d 675, 679 (Pa. Super. 2002). Additionally, to exclude time attributable to a pretrial defense motion, "the Commonwealth must demonstrate, by a preponderance of the evidence, that it exercised due diligence in opposing or responding to the pretrial motion; a delay caused by the Commonwealth's lack of due diligence will not constitute excludable time." *Id.*

- 6 -

"Due diligence is fact specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Johnson*, 289 A.3d 959, 982 (Pa. 2023) (citation omitted). Our Supreme Court has long recognized that due diligence requires that "[w]hen a case has possible Rule [600] problems, prosecutors must do everything reasonable within their power to see that the case is tried on time." *Commonwealth v. Browne*, 584 A.2d 902, 905 (Pa. 1990) (citation omitted); *see also Commonwealth v. Harth*, 252 A.3d 600, 618 (Pa. 2021). Thus, "[d]ue diligence includes, among other things, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600." *Commonwealth v. Ramos*, 936 A.2d 1097, 1102 (Pa. Super. 2007). "The Commonwealth bears the burden of proving due diligence by a preponderance of the evidence." *Burno*, 154 A.3d at 794.

As specifically relevant to the case at bar, this Court has not required the Commonwealth to notify a "court of an imminent run-date violation [as] a necessary condition to due diligence." *Commonwealth v. Robbins*, 900 A.2d 413, 417 (Pa. Super. 2006). Nevertheless, the Commonwealth's failure to notify a court of an impending Rule 600 violation may "factor" into the due diligence analysis. *Id.*

**B.**

The Commonwealth asserts that, in calculating the adjusted run date, the trial court should have excluded the time after October 25, 2022, when Appellee sought a *habeas corpus* hearing. Commonwealth's Br. at 13-14. The Commonwealth contends that it "cannot be expected to bring the defendant to trial with his pre-trial motion still outstanding." *Id.* at 14. Thus, the Commonwealth maintains that the trial court should have denied Appellee's Rule 600 motion because only 206 days of includable time have passed, excluding all time after October 25, 2022.

Alternatively, the Commonwealth asserts that it acted with due diligence and that it could not have done anything to secure an earlier hearing. *Id.* at 16-18. It argues that it would be inappropriate to "leapfrog" this case in front of other cases waiting for hearing dates "during presumptively excludable time while the parties awaited a hearing on a defense motion." *Id.* at 17-18.

We disagree with the Commonwealth and instead are constrained to conclude that the trial court did not abuse its discretion in dismissing Appellee's charges pursuant to Rule 600. As with other pretrial defense motions, such as suppression motions, the time needed to resolve Appellee's pre-trial *habeas corpus* request was attributable to the defense and excludable only if the Commonwealth exercised due diligence. We conclude that the trial court did not abuse its discretion in determining that the Commonwealth failed to demonstrate due diligence in regard to the scheduling of the *habeas* hearing, because it failed to do "everything reasonable within [its] power to see that the case [was] tried on time." *Browne*, 584 A.2d at 905.

Specifically, the trial court emphasized that the Commonwealth had the opportunity to alert the trial court to the impending deadline and to request an order for an expedited hearing date. Trial Ct. Op. at 11. The court found that the Commonwealth, instead, "passively relied on the [c]ourt [a]dministrator's office to satisfy the Commonwealth's own obligation to keep track of and respect the requirements of Rule 600." *Id.* at 11. The record supports the court's conclusion that the Commonwealth failed to demonstrate due diligence in the instant case, as the Commonwealth took no action to expedite the hearing while the scheduling order was pending in the court administrator's office.

Accordingly, we conclude that the court did not abuse its discretion in dismissing the charges pursuant to the Commonwealth's violation of Rule 600.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/08/2025