J-A04008-24

2024 PA Super 189

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SALEEM DUNMORE | : | No. 511 EDA 2023 |

Appeal from the Order Entered January 24, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000997-2022

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

OPINION BY STABILE, J.: **FILED AUGUST 22, 2024**

The Commonwealth appeals from an order granting the motion of Appellee Saleem Dunmore to dismiss charges due to a violation of Appellee's speedy trial rights under Pa.R.Crim.P. 600. We vacate the order of dismissal and remand for trial.

On November 17, 2021, a Philadelphia police officer pulled over Appellee for running a stop sign in his car. During the traffic stop, the officer recovered multiple packets of heroin, a loaded .40-caliber handgun, a loose bullet and a small amount of marijuana from the car. On November 18, 2021, the Commonwealth filed a criminal complaint charging Appellee with possessing a controlled substance with intent to deliver, simple possession, carrying a firearm without a license and carrying a firearm in public in Philadelphia.

On December 7, 2021, the scheduled date of the preliminary hearing, the parties jointly requested a continuance, and the preliminary hearing was

_____

[*] Retired Senior Judge assigned to the Superior Court.

rescheduled to January 7, 2022. On January 7, 2022, the court rescheduled the preliminary hearing "due to court closure (inclement weather)." Docket, entry 12. The preliminary hearing took place on February 14, 2022, and Appellee was held for court on all charges. On February 28, 2022, Appellee was arraigned.

On March 23, 2022, the defense requested all mandatory discovery, including any possible exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). In particular, Appellee requested photographs of the handgun removed from his car and a report concerning whether Appellee's DNA matched DNA found on the handgun.

The next three listings of this case took place on April 25, 2022, June 27, 2022 and October 11, 2022. On April 25, 2022, the Commonwealth provided partial discovery, including a copy of a search warrant for Appellee's DNA. The affidavit of probable cause stated that the gun recovered from Appellee was swabbed for DNA and submitted to FIU[1] for further analysis. The search warrant was served on the date of arrest, November 17, 2021, and Appellee's DNA sample was obtained on that date, ready to compare to the DNA swab lifted from the gun removed from Appellee's car on the same date. Even so, the Commonwealth did not produce the DNA analysis or photographs of the gun on April 25, 2022. On June 27, 2022, discovery remained

_____

[1] We discern from the notes of testimony that FIU refers to the "Firearms Identification Unit", a unit contained within the Philadelphia Police Department's "Office of Forensic Science". N.T. 1/24/23, 5-7.

incomplete, with the DNA report and photos still outstanding. On October 11, 2022, discovery continued to remain incomplete because the DNA report and photos remained outstanding. At each of these listings, the Commonwealth requested continuances, and the docket listed the reason for each continuance as "Commonwealth Request for Continuance-DA-Discovery Incomplete." For each continuance request, the docket noted that one of the outstanding discovery items was "photos." Defense counsel requested the DNA results at the April 25, 2022, and June 27, 2022 listings.

On October 11, 2022, the court set a trial date of January 24, 2023. On January 13, 2023, with discovery still outstanding, the defense filed a motion to dismiss based on Rule 600 violations.

On January 17, 2023, the court held a pretrial conference. The Commonwealth admitted that discovery on the DNA result remained outstanding. N.T., 1/17/23, at 3. The Commonwealth stated that it had ordered the DNA analysis on July 28, 2022, 127 days after it was requested by the defense on March 23, 2022, and 253 days after it was available for testing (the arrest date of November 17, 2021). *Id.* The Commonwealth did not provide any information about the outstanding photographs. The court stated, "So it sounds like we are not ready for trial." *Id.* at 4. The Commonwealth responded, "I believe that is correct, your Honor." *Id.*

In response to the Commonwealth's admission that it was not ready, the court converted the scheduled trial date of January 24, 2023 to a date for status of discovery and argument on motions, including Appellee's Rule 600

motion. *Id.* ("so let's keep the 24th on the calendar for status of discovery"). The court later stated, "Based on the [c]ourt's knowledge of its calendar, it would not have been possible to set a new trial date any earlier than April of 2023, and the date would quite possibly have been later than that." Pa.R.A.P. 1925 Opinion, 6/26/23, at 3-4.

On January 24, 2023, the Court held a hearing on Appellee's Rule 600 motion. The Commonwealth conceded that defense counsel had first requested a DNA report and photographs of the firearm involved in the arrest on March 23, 2022. N.T., 1/24/23, at 6-7. The Commonwealth added that the District Attorney's Office received the DNA results on January 19, 2023 and furnished them to the defense on January 20, 2023. *Id.* at 5.

The Commonwealth stated that after each of the discovery continuances, the District Attorney's Office sent an email to the assigned detective requesting photographs but received no response. *Id.* at 10. The Commonwealth conceded for the first time that the photographs did not exist. *Id.* at 8. The Commonwealth admitted that it had not told Appellee at any earlier point in the case that the photographs did not exist, *id.* at 8, 15, but it claimed that its failure to make this disclosure earlier in the case did not demonstrate lack of due diligence. *Id.* at 20. The trial court disagreed and announced its intent to grant the Rule 600 motion. *Id.* at 23. The Commonwealth replied that it had officers in the room and was ready to proceed with trial. *Id.* at 23-25. Defense counsel objected, arguing, "[When] we were here for a pretrial conference [one week earlier, the] District Attorney

- 4 -

said they would not be ready today because of the outstanding discovery. They can't just come in the day … when it's a status listing, and say, surprise, we brought our officers and now we are ready." *Id.* at 24. The court agreed with defense counsel, noting that because the Commonwealth had requested a continuance, "today is not a trial date. It's another date because of all the discovery continuances." *Id.*

The court verbally granted the Rule 600 motion at the conclusion of the January 24, 2023 hearing, *id.* at 25, but it did not enter a written order granting the motion. On February 24, 2023, the Commonwealth filed a notice of appeal to this Court. The notice was premature because the court had not yet entered a written order granting the Rule 600 motion. On April 12, 2023, following notice from this Court concerning the absence of a written order, the trial court entered a written order granting the Rule 600 motion. Since the written order granting a Rule 600 motion was a final and appealable order, ***Commonwealth v. Mayo***, 2024 WL 396643, *2 (Pa. Super., filed Feb. 2, 2024), the April 12, 2023 order was a final order that perfected this Court's jurisdiction over the Commonwealth's appeal. ***See*** Pa.R.A.P. 905(a)(5) ("[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises a single issue in this appeal:

Did the lower court err by dismissing all charges under Rule 600, where fewer than 365 days of potentially includable time passed between the filing of the criminal complaint and the dismissal of the charges, and where the Commonwealth was trial ready before the adjusted run date?

Commonwealth's Brief at 4.

When presented with a speedy trial claim arising under Rule 600,

our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Reed*, 292 A.3d 601, 610 (Pa. Super. 2023). The Commonwealth bears the burden of proving, by a preponderance of evidence, that it acted with due diligence throughout the proceedings. *Id.*

Rule 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). For purposes of the rule, trial is deemed to commence on the date the trial judge calls the case to trial, or a defendant tenders of plea of guilty or *nolo contendere*. Pa.R.Crim.P. 600(A)(1). In 2013, our Supreme Court amended Rule 600 to reorganize and clarify the provisions of the rule in view of a long line of cases that construed the rule. *See* Rule 600 *cmt*. Prior to 2013, Rule 600 required that both "excludable" and "excusable" time be considered to arrive at an adjusted run date by which a defendant must be brought to trial.[2]

_____

[2] Prior to its amendment in 2013, Rule 600 provided in part:

> Rule 600. Prompt Trial
> . . .
> [ (A) ](3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.
> . . .
> (B) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere.*
>
> (C) In determining the period for commencement of trial, there shall be excluded therefrom:

*(Footnote Continued Next Page)*

J-A04008-24

*See Commonwealth v. Ramos*, 936 A.2d 1097 (Pa. Super. 2007).

"Excludable" time under former Rule 600(C) only included delay imputed to

_____

> (1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;
> (2) any period of time for which the defendant expressly waives Rule 600;
> (3) such period of delay at any stage of the proceedings as results from:
> (a) the unavailability of the defendant or the defendant's attorney;
> (b) any continuance granted at the request of the defendant or the defendant's attorney.
>
> . . .
> (G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

*See Commonwealth v. Ramos*, 936 A.2d 1097, 1101 (Pa. Super. 2007) (noting that at that time this Court was aware that a substantial revision of Rule 600 had been proposed to the Pennsylvania Supreme Court).

the defense. ***Id.***; ***see also Commonwealth v. Lynn***, 815 A.2d 1053 (Pa. Super. 2003) (judicial delay not included in excludable delay under Rule 600(C)); ***Commonwealth v. Matis***, 710 A.2d 12 (Pa. 1998) (decided under Rule 1100 before this rule was renumbered as Rule 600). We fashioned the doctrine of "excusable" delay under former Rule 600(G) (now repealed) as a legal construct to take into account delays that occurred because of circumstances beyond the Commonwealth's control despite its due diligence. ***Ramos***, 936 A.2d at 1102. The time under which a defendant had to be tried under former Rule 600 required three steps. First, a 365-day mechanical run date was calculated. Second, excludable time was added, if any, to this date to arrive at an adjusted run date. As stated, excludable time included that attributable to the defense. Third, if trial took place after the adjusted run date, we examined whether there were further excusable delays outside the control of the Commonwealth that were not the result of a lack of diligence. ***See Ramos,*** 936 A.2d at 1101-03 (detailed analysis of three-step process). This excusable time then was added to the adjusted run date to produce a final Rule 600 run date. If the Commonwealth did not bring a defendant to trial before that final run date, the trial court was obliged to dismiss the charges.

The 2013 amendments simplified Rule 600(C) by eliminating the need to identify delay times attributable to the defense. Rather, Rule 600(C)(1) now simply excludes *all* delay except for that attributable to times when the

Commonwealth caused delay when acting without due diligence. The time periods formally delineated as excludable time under Rule 600(C) now are simply examples of excluded time. *See* Pa.R.Crim.P. 600 *cmt*. Amended Rule 600 now provides concisely in pertinent part:

### (C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C). To determine if a violation of Rule 600 has occurred under the plain language of Rule 600(C), we may now simply exclude all periods of delay from the applicable date, except for those chargeable to the Commonwealth where it has failed to act diligently. That calculation then determines whether a defendant has been brought to trial within the time limits of Rule 600.

When a criminal complaint is filed, the time in which trial must begin (the mechanical run date) commences 365 days from when the complaint is filed. Pa.R.Crim.P. 600(A)(2)(a). When examining a Rule 600 motion, we may examine delay as follows. First, the date when trial actually commenced is noted. *Id.* From that date (assuming it is beyond the mechanical run date), all periods of delay are subtracted, except those attributable to the Commonwealth where it has not acted with due diligence. This produces a

- 10 -

date to compare with the mechanical run date. If this date falls before the mechanical run date, no Rule 600 violation has occurred. If it falls after the mechanical run date, the rule has been violated, and the defendant is entitled to dismissal.[3]

The methodology changes somewhat when a Rule 600 motion is filed before trial commences. There, as here, Rule 600 is examined as of the date the Rule 600 motion is filed, since logically, a trial date cannot be used as no trial has commenced. In those instances, our case law has held that to obtain relief under Rule 600, the defendant must have a valid Rule 600 claim at the time he files his motion to dismiss the charges. ***Commonwealth v. Hunt***, 858 A.2d 1234, 1243-4 (Pa. Super. 2004) (where defendant "did not have a valid Rule 600 claim at the time he filed his March 25, 2002 motion to dismiss," the trial court "erred in granting [his] motion to dismiss"); ***Commonwealth v. Hyland***, 875 A.2d 1175, 1191 (Pa. Super. 2005) (citing ***Hunt***; "Appellant did not have a valid Rule 600 motion when he filed it; in fact, the motion was premature . . . the time taken for the decision on Appellant's motion is also excludable"); ***see also Commonwealth v. Banks***, 2021 WL 487358, *5 (Pa. Super., Feb. 10, 2021) (unpublished memorandum) ("[a]dding the total of 74 days of excludable time to [defendant's] mechanical run date yields an

_____

[3] We observe that continuing to utilize pre-2013 methodology would yield the same result. ***See Ramos, supra.***

- 11 -

adjusted run date of December 26, 2018. [Defendant] filed his Rule 600 Motion on December 20, 2018. Therefore, [defendant's] Rule 600 Motion was premature, and we discern no abuse of discretion in the trial court's denial of [defendant's] Motion"); **Commonwealth v. Powell**, 2022 WL 2236298, \*7 (Pa. Super., Jun. 22, 2022) (trial court acted within its discretion by denying Rule 600 motions that were "filed . . . before the date that we have calculated as the adjusted run date" and therefore were "premature"); **Commonwealth v. Burns**, 2024 WL 3100027, \*5 (Pa. Super., filed Jun. 24, 2024) (reversing order granting dismissal under Rule 600; "although the adjusted run date is January 3, 2023, the trial court granted Appellee's motions to dismiss, which were filed on December 27, 2022. Consequently, we agree with the Commonwealth that the Rule 600 motions were premature, and the trial court erred in granting them") (cleaned up).[4]

Instantly, the complaint against Appellee was filed on November 18, 2021, thus making November 18, 2022, the mechanical run date under Rule 600. As of January 13, 2023, when Appellee filed his Rule 600 motion, the mechanical run date was exceeded by 57 days (November 18, 2022 through January 13, 2023). There were, however, two periods of excludable delay that occurred prior to the filing of Appellee's Rule 600 motion. First, as the

---

[4] **See** Pa.R.A.P. 126(b) (unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).

trial court correctly held, 31 days between December 7, 2021, and January 7, 2022, were excludable due to a joint request to continue the preliminary hearing. As we stated in **Commonwealth v. Reed**, 292 A.3d 601 (Pa. Super. 2023), "Rule 600 expressly excludes from computation periods of delay resulting from 'any continuance granted at the request of the defendant or the defendant's attorney.' Pa.R.Crim.P. 600(C)(3)(b).[5] Continuances based on joint requests by the Commonwealth and the defendant are excludable time under this rule." **Id.** at 611. The second period of 38 days (January 7, 2022 to February 14, 2022, the date of Appellee's preliminary hearing) was excludable because it resulted from closure of the court on January 7, 2022, due to inclement weather. This delay from weather-related circumstances was entirely beyond the Commonwealth's control. These two periods of excludable time totaled 69 (31 + 38) days. There was no other excludable time in this case. When 69 days of excludable delay are subtracted from the date Appellee filed his Rule 600 motion, the calculation produces a date of November 5, 2022, a date prior to the mechanical run date of November 18, 2022. Under these facts, we conclude that the trial court abused its discretion in finding a Rule 600 violation and dismissing this case.

_____

[5] The citation to Rule 600(C)(3)(b) in **Reed** appears to be a typographical error. The correct citation is to Rule 600(C)(2), which provides that "periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration."

- 13 -

The trial court reasoned in its Rule 1925(a) opinion that dismissal under Rule 600 was proper because the Commonwealth requested multiple discovery continuances to produce DNA analysis and to respond to a simple request for photographs. The trial court concluded that the trial of this case was delayed well past Rule 600's 365-day limit. The record, however, does not support its conclusion.

Appendix A to the trial court's 1925(a) opinion, reproduced below, details in chart form the progress of this case assigning time attribution from commencement through January 24, 2023, the expected trial date.

| Events | Start Date | End Date | Number of Days | Time Attribution |
|---|---|---|---|---|
| PARS Transfer to first scheduled preliminary hearing | 11/18/2021 | 12/7/2021 | 19 | Court time |
| Preliminary hearing continued- "Defendant unavailable" and "Police Officer subpoena failed"[5] | 12/7/2021 | 1/7/2022 | 31 | Joint request |
| Preliminary hearing continued - court continuance - "inclement weather" | 1/7/2022 | 2/14/2022 | 38 | Court time |
| Preliminary hearing to CP Trial Commissioners scheduling | 2/14/2022 | 2/28/2022 | 14 | Court time |

| CP Trial Commissioners scheduling to Common Pleas scheduling conference[6] | 2/28/2022 | 3/23/2022 | 23 | Court time |
|---|---|---|---|---|

| Common Pleas scheduling conference to first felony waiver room listing | 3/23/2022 | 4/25/2022 | 33 | Court time |
|---|---|---|---|---|
| First felony waiver room listing to first status of discovery listing. "[D]iscovery still outstanding: DNA, F.I.U. and photos. Time ruled not excluded." | 4/25/2022 | 6/27/2022 | 63 | Commonwealth request |
| First status of discovery listing to second status of discovery listing. "Outstanding Discovery: Notes Of Testimony, DNA Report and Photos. . .. Time Not Ruled Excludable." | 6/27/2022 | 10/11/2022 | 106 | Commonwealth request |
| Second status of discovery listing to pretrial conference. "Discovery Incomplete ... [PARS], body worn camera to be repassed, photos, and 229 for driver." | 10/11/2022 | 1/17/2023 | 98 | Commonwealth request |

| Pretrial conference to third status of discovery listing. Trial date vacated. "Discovery Incomplete ... Outstanding DNA result, 229, and photos." | 1/17/2023 | 1/24/2023 | 7 | Commonwealth request |
| --- | --- | --- | --- | --- |

| | Total | | 432 days |
| --- | --- | --- | --- |
| | Total Court Time | | 127 days |
| | Total Joint/Defense Requests | | 31 days |
| | Total Commonwealth Requests | | 274 days |

In its opinion, the court correctly calculated the mechanical run date as November 22, 2022. The court arrived at an adjusted run date of December 19, 2022 by adding 31 days of excludable delay for the period between December 7, 2021, and January 7, 2022, due to a joint request for continuance by the parties. Even if trial had been scheduled for January 24, 2023, the court reasoned it would not have abused its discretion in granting the motion, based on the Commonwealth's lack of due diligence and the fact that the adjusted run date had passed. However, the time delineations identified by the court above reveal that it apparently, and perhaps inadvertently, failed to further adjust the mechanical run date for the time between January 7, 2022, and February 14, 2022, for the period of 38 days

that the court correctly notes in its chart was attributable to inclement weather delay. Addition of these 38 days of excludable delay to the court's adjusted run date of December 19, 2022, establishes an adjusted run date of January 26, 2023, a date 13 days later than the filing of Appellee's Rule 600 motion. Thus, when the court's calculations are corrected to account for all excusable delay, it demonstrates that as of the time Appellee filed his Rule 600 motion, the adjusted Rule 600 date for commencing trial had not been exceeded.[6] The court thus improperly granted Rule 600 relief.[7]

Based on the foregoing, we vacate the trial court's April 12, 2023, order and remand for reinstatement of the charges that were dismissed due to the court's erroneous finding of a Rule 600 violation.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

_____

[6] The trial court calculates total time of 432 days. This time however includes time through January 24, 2023, some 11 days after the filing of Appellee's Rule 600 motion.

[7] We reach this conclusion despite our disapproval of the manner in which the Commonwealth progressed this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/22/2024