J-A28008-24

2025 PA Super 12

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ARIELLE RICE | : | No. 2945 EDA 2023 |

Appeal from the Order Entered November 2, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006056-2022

BEFORE: PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

OPINION BY PANELLA, P.J.E.: **FILED JANUARY 21, 2025**

The Commonwealth appeals the order entered on November 2, 2023 in the Court of Common Pleas of Philadelphia County, granting Arielle Rice's Motion to Dismiss the charges of Firearms Not To Be Carried Without A License[1] and Carrying Firearms Public In Philadelphia[2] pursuant to Pennsylvania Rule of Criminal Procedure 600(A) ("Rule 600"). We affirm.

On August 4, 2022, Arielle Rice ("Rice") was arrested and charged with the above cited crimes. A criminal complaint was filed that same day. The trial court summarized the subsequent factual and procedural history of the case as follows:

---

[1] 18 Pa.C.S.A. § 6106(A)(1).

[2] 18 Pa.C.S.A. § 6108.

A preliminary hearing in the present matter occurred on August 19, 2022. [Rice] was formally arraigned on September 1, 2022, and the docket reflects that discovery (i.e. ballistics) was outstanding on this date. At the first pre-trial conference on September 20, 2022, counsel for [Rice] requested a pre-trial bring-back.

At the next court date on November 29, 2022, an offer remained open for [Rice], and she pursued Alternative Felony Disposition ("AFD"). The case was then listed for a waiver trial on February 9, 2023.

On February 9, 2023, [the trial court] granted [the Commonwealth's] motion for a continuance and noted the additional outstanding discovery. The Commonwealth informed [the trial court] it requested radio tapes from the police. [The trial court] ordered the outstanding discovery to be passed 30 days prior to the pre-trial conference on May 24, 2023 if the discovery became available. A new waiver trial date was scheduled for June 8, 2023.

Due to a scheduling error by the court system, the pre-trial conference did not occur on May 24, 2023. When the case came back for the second waiver trial date on June 8, 2023, both parties made a joint request for a continuance. The Commonwealth was not ready to proceed with trial on this date because a necessary officer was on military leave. At this time, discovery still remained outstanding, and [Rice] failed to appear. Counsel for [Rice] had good contact and accepted service. A third waiver trial date was scheduled on September 21, 2023.

On September 26, 2023, 15 days prior to trial, counsel for [Rice] emailed the District Attorney's Office requesting to be passed the outstanding body worn camera evidence.

On September 20, 2023, the day before the third waiver trial, the Commonwealth uploaded body worn camera evidence to Evidence.com at 8:00 PM.

On September 21, 2023, the Commonwealth requested a continuance due to passing incorrect body worn camera evidence and ECD. The trial was then rescheduled for November 2, 2023 with a must be tried marking for both parties.

Trial Court Opinion, 4/3/24 at 1-3 (footnotes and citations omitted).

On October 25, 2023, Rice filed a Rule 600 Motion to Dismiss, alleging the Commonwealth's failure to bring the matter to trial within 365 days of filing the criminal complaint violated her right to a speedy trial. In the Rule 600 motion, defense counsel conceded as excludable the 70 days between the September 20, 2022 and the November 29, 2022 pretrial dates, which resulted from its requested continuance and consequently extended the run date from August 4, 2023 to October 13, 2023. **See** Motion to Dismiss Pursuant to Rule 600(A), 10/25/23 at 3. Notably, the defense did not consider the 105 days between June 8, 2023 and September 21, 2023 excludable time in its adjusted run date computation. However, at the Rule 600 hearing on November 2, 2023, the trial court concluded this period was also excludable due to Rice's failure to appear at the June 8th trial date. **See** N.T., 11/2/23 at 13, 16. Although the court determined this additional period of excludable time extended the adjusted run date, when the court subsequently asked the defense for its proffered adjusted run date, counsel maintained it was October 13, 2023. **See** N.T., 11/2/23 at 18. The court accepted October 13, 2023 as the adjusted run date, stating:

> **So we are 20 days past the adjusted run date in this matter.** Normally the court gives some kind of deference to the Commonwealth up until 30 days past the run date.
>
> However, in this case there have been more than one instance of the Commonwealth lacking due diligence. One, passing incorrect body worn camera. Indeed, it was not brought to the Commonwealth's attention until much later in the case, but the

Commonwealth has the responsibility to pass correct body worn camera at the beginning of the case. And, no, you cannot make the argument that the body worn camera was passed and then we find out that it's incorrect body worn camera, that does not help the Commonwealth at all, it doesn't show good faith on the Commonwealth's part.

It doesn't show good faith on the defense's part to bring it to the attention of counsel six months later, seven months later, but there's one issue here, the burden is on the Commonwealth to make sure that the proper discovery is passed within a certain time frame, and certainly by as soon as you get it, it should be passed. That's what's supposed to happen in this case. That did not happen in this case, and it didn't happen until September 20, 2023, and **here we are 20 days past the adjusted run date.** So normally I would give [the] Commonwealth deference, but I cannot do it in this case.

Your motion is granted [and the charges dismissed].

N.T., 11/2/23, at 18-19 (emphases added). Notably, at no time did the Commonwealth object to either defense counsel's proffer of October 13, 2023, as the adjusted run date or the court's use of the October 13, 2023, date, despite the court's repeated statements that, based on that date, they were 20 days beyond the adjusted run date. Nor did the Commonwealth file a motion before the trial court raising an issue about the court's use of October 13, 2023.

The Commonwealth timely filed a Notice of Appeal on November 17, 2023, and on December 6, 2023, it filed a court-ordered Statement of Errors Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b). The statement alleged the court erred in granting the Rule 600 motion where the Commonwealth exercised due diligence and did not cause delay that extended

the trial date beyond the time limits of Rule 600. On April 3, 2024, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) in which it observes that it incorrectly used October 13, 2023 as the adjusted run date, but maintains the Commonwealth waived the issue by failing to raise it below.

The Commonwealth raises the following issue for our review:

> Did the lower court err by dismissing all charges under Rule 600 where the court, as it now concedes, miscalculated the adjusted run date and dismissed the charges before the actual run date had passed?

Appellant's Brief, at 7.

We review a trial court's Rule 600 ruling for an abuse of discretion, which "is not merely an error of judgment," but rather, if the evidence of record establishes that "in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will," then the trial court abused its discretion. ***Commonwealth v. Dunmore***, 324 A.3d 1, 5 (Pa. Super. 2024) (citation omitted). Further, we must view the facts in the light most favorable to the prevailing party and limit our scope of review to "the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court." ***Id.*** (brackets and citation omitted).

Generally, under Rule 600, the Commonwealth must bring a defendant to trial within 365 days of filing the criminal complaint. ***See*** Pa.R.Crim.P. 600(A)(2)(a).

In a Rule 600 analysis, the "mechanical run date" is 365 days after the complaint was filed. The "adjusted run date" is then calculated by adding any time that is "excluded from the computation" under Rule 600(C)(1). If a defendant is not brought to trial by the adjusted run date, the case is dismissed.

*Commonwealth v. Malone*, 294 A.3d 1247, 1249 (Pa. Super. 2023) (citations omitted). In determining the adjusted run date, Rule 600 further explains:

periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of time within which trial must commence. Any other delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

If the Commonwealth fails to try the defendant within the prescribed period, "at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated." Pa.R.Crim.P. 600(D)(1). Notably, when a Rule 600 motion is filed before trial commences, "Rule 600 is examined as of the date the Rule 600 motion is filed, since logically, a trial date cannot be used as no trial has commenced." *Dunmore*, 324 A.3d at 7. Accordingly, "[i]n those instances, our case law has held that to obtain relief under Rule 600, the defendant must have a valid Rule 600 claim at the time he files the motion to dismiss the charges." *Id.* (citation omitted). A Rule 600 claim is not valid if it is premature, *i.e.*, if the Rule 600

motion is filed before the adjusted run date has passed. ***See Commonwealth v. Hyland***, 875 A.2d 1175, 1191 (Pa. Super. 2005).

Here, the mechanical run date for purposes of Rule 600 was August 4, 2023, 365 days after Rice was arrested and the criminal complaint was filed. At the Rule 600 hearing on November 2, 2023, the trial court granted Rice's motion based on its acceptance of October 13, 2023, as the adjusted run date, finding the Commonwealth had violated Rule 600 by failing to bring Rice to trial before that date.

As noted previously, in its Rule 1925(b) statement, the Commonwealth maintained that it exercised due diligence, and it did not cause delay that resulted in a Rule 600 violation. ***See*** Rule 1925(b) Statement, 12/6/23. In addressing this issue in its Rule 1925(a) opinion, the trial court states that "[a]fter reviewing the docket, this court finds that the motion to dismiss was not ripe for litigation because the adjusted run date was January 26, 2024—not October 13, 2023." Trial Court Opinion, 4/3/24 at 3. However, the court noted the issue was waived because "[t]he Commonwealth had the opportunity to argue against the incorrect adjusted run date at the Rule 600 motion hearing but failed to do so. Further, the Commonwealth did not file any post trial motion to apprise the court of this issue." ***Id.***

In its brief, the Commonwealth now argues for the first time that the trial court "was not permitted as a matter of law to dismiss the charges under Rule 600," because when Rice filed the Rule 600 motion, "the adjusted run

date had not passed." Appellant's Brief, at 17. As noted by the trial court, any claim challenging the ripeness of the Rule 600 motion because it relied on the October 13, 2023 adjusted run date is waived.

Under the Pennsylvania Rules of Appellate Procedure, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

> Likewise, we have long held that claims not raised before the trial court are waived. It is well established that trial judges must be given an opportunity to correct errors at the time they are made. A party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected. …
>
> In addition, it is an appellant's obligation to demonstrate which appellate issues were preserved for review. Pa.R.A.P. 2117(c), 2119(e). It is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review.

***Commonwealth v. Spone***, 305 A.3d 602, 608-09 (Pa. Super. 2023) (citations, quotation marks, and brackets omitted).

Further, as our courts have long recognized, "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998); Pa.R.A.P. 1925(b)(4)(ii) ("The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge."). Importantly, "[i]n preparing a Rule 1925(b) statement,

appellate counsel has the responsibility to exercise professional judgment to identify and frame all potentially meritorious issues for appellate review on behalf of his client. The trial court, in preparing its Rule 1925(a) opinion, has no such duty, and is obligated only to address the issues raised by counsel for an appellant." ***Commonwealth v. Parrish***, 224 A.3d 682, 701 (Pa. 2020).

The Commonwealth argues it preserved its claim challenging the ripeness of the Rule 600 motion because it "consistently and strenuously maintained throughout the hearing" that the adjusted run date had not passed, and its "fundamental position on both the relevant facts and law governing this Rule 600 claim were clear throughout." Appellant's Brief, at 13, 17. The Commonwealth further contends "the plain fact that [it] consistently contested [Rice's] motion based on the argument that the run date had not passed and that it had not violated Rule 600 demonstrates [its] preservation of the claim." Appellant's Brief, at 13. However, the record belies these contentions.

In our review of the hearing transcripts, we could not find a single instance of the Commonwealth asserting what it perceived to be the proper adjusted run date, objecting either to defense counsel's proffered adjusted run date or to the trial court's repeated statements that, on November 2nd, they were 20 days beyond that adjusted run date, or indicating that the adjusted run date had not passed and the Rule 600 motion at issue was premature. Rather, at the hearing, the Commonwealth's argument focused on

the excludability of the 105-day period between June 8, 2023 and September 21, 2023 and its perceived diligence in handling discovery. *See* N.T. 11/2/23, at 11 (stating "only points of argument, would be the [defense's] delay in notifying us of the missing body worn after it was not mentioned in the docket anywhere, as well as the three months of the defendant failed to appear date"). Therefore, because the Commonwealth failed to raise the issue of the ripeness of the Rule 600 motion in the trial court, it is waived for our review. *See Spone*, 305 A.3d 608-09; Pa.R.A.P. 302(a).

Furthermore, the Commonwealth did not raise the ripeness of the Rule 600 motion in its 1925(b) statement, where it claimed instead that the court erred in dismissing the charges because the Commonwealth "did not cause delay that would extend the trial date beyond the time limits of the rule, and the Commonwealth exercised due diligence[.]" 1925(b) Statement, 12/6/23. Therefore, in addition to the Commonwealth's failure to raise the issue before the trial court at a time when it could be corrected, it also failed to alert the trial court of the specific issue it would be contesting on appeal in its 1925(b) statement. *See Lord*, 719 A.2d at 309; Pa.R.A.P. 1925(b)(4)(ii).[3]

Accordingly, we agree with the trial court that the Commonwealth has failed to demonstrate that it has preserved the issue of the Rule 600 motion's

---

[3] We note it is indeed perplexing that the Commonwealth failed to mention its incorrect adjusted run date argument at the hearing, in a later motion before the trial court, or in its in its 1925(b) statement, instead only raising it after the trial court acknowledged the error in its Rule 1925(a) opinion.

ripeness for our review, and we cannot review its merits. ***See*** Pa.R.A.P. 302(a).

Hence, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/21/2025