J-S25008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       : PENNSYLVANIA
                                       :
              v.                            :
                                       :
LORENZO VASQUEZ              :
                                       :
          Appellant            : No. 2610 EDA 2024

Appeal from the Judgment of Sentence Entered April 5, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002200-2022

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:         **FILED AUGUST 11, 2025**

Lorenzo Vasquez appeals from the judgment of sentence entered on April 5, 2024, for his conviction of person not to possess a firearm.[1] Vasquez argues the trial court erred in denying his motion to dismiss for violation of Rule 600.[2] After careful review, we affirm.

We need not provide a detailed factual summary of the underlying conviction in order to address the specific issue raised in this appeal. Briefly, hotel staff at the Candlewood Suites Hotel located a firearm in a room recently vacated by Vasquez and others. Police recovered DNA from the firearm that matched Vasquez. Vasquez has three prior felony convictions for possession

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] Pa.R.Crim.P. 600.

with intent to deliver a controlled substance that prohibit him from possessing a firearm.

Vasquez was charged by criminal complaint on January 14, 2021. Detective Gregory Jackson, an officer with the Bensalem Police Department and the affiant in this case, was unable to locate Vasquez and an arrest warrant was issued. Detective Jackson contacted Vasquez's probation officer on January 20, 2021, to see if he had contact information for Vasquez. The probation officer provided Vasquez's last known address but indicated that he did not have good contact with Vasquez. Detective Jackson entered the arrest warrant into the National Crime Information Center (NCIC). On January 29, 2021, Philadelphia prison officials contacted the Bensalem Police Department to inform them Vasquez was incarcerated in Philadelphia. Philadelphia prison officials told Bensalem Police Department officers that they would inform them when Vasquez was ready to be picked up. Detective Jackson provided a copy of the arrest warrant to the Philadelphia officials and later confirmed that a detainer was lodged against Vasquez so he could not be released from prison.

On April 29, 2021, officers from Bensalem Police Department confirmed Vasquez was still incarcerated in Philadelphia and the detainer was still lodged. On December 4, 2021, Philadelphia prison officials informed Bensalem Police Department that Vasquez was ready to be released and they could come pick him up. Vasquez was picked up and transferred to Bucks County Prison on December 4, 2021. He was arraigned that same day and a preliminary hearing

was scheduled for December 15, 2021. The preliminary hearing was continued due to the court's calendar to December 22, 2021. On December 22, 2021, Vasquez requested a continuance and his preliminary hearing was rescheduled for April 14, 2022. On April 14, 2022, the Commonwealth requested a continuance. The preliminary hearing was held on April 27, 2022.

Vasquez was formally arraigned on May 27, 2022. Trial was scheduled for August 2, 2022. The Commonwealth requested a continuance due to outstanding discovery and trial was set for October 6, 2022. A Commonwealth witness, their DNA expert, was unavailable and the Commonwealth again requested a continuance. Trial was scheduled for December 8, 2022. Prior to December 8, 2022, Vasquez filed a motion to dismiss for violation of Rule 600.[3] The trial court, on October 17, 2022, scheduled a hearing on the motion for November 28, 2022. After the hearing, the trial court denied the motion.

Vasquez proceeded to a jury trial held on December 12, 2023 through December 14, 2023. The trial court sentenced Vasquez on April 5, 2024, to four to eight years of incarceration. Vasquez filed a timely appeal and complied

---

[3] Vasquez's motion to dismiss for violation of Rule 600 is not time stamped and the docket does not list the date this motion was filed. Generally, "Rule 600 is examined as of the date the Rule 600 motion is filed, since logically, a trial date cannot be used as no trial has commenced." **Commonwealth v. Dunmore**, 324 A.3d 1, 7 (Pa. Super. 2024). However, since no one disputes the motion was in fact filed, we will use the date of the order scheduling the Rule 600 hearing in our calculations, specifically, October 17, 2022. **See** Order, 10/17/22 (single page) (scheduling a hearing for November 28, 2022).

with the trial court's order to file a Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b).

Vasquez raises one issue for our review:

Did the trial court err[] in denying [Vasquez's] motion to dismiss for violation of Rule 600?

Appellant's Brief, at 8 (unnecessary capitalization omitted).

We begin with our scope and standard of review:

Appellate courts review Rule 600 decisions for an abuse of discretion. A trial court does not abuse its discretion when it merely makes an error of judgment. Rather, a court abuses its discretion if it misapplies the law or exercises judgment that is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will. Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party.

***Commonwealth v. Walker***, 331 A.3d 43, 46 (Pa. Super. 2025) (citations, brackets, and quotation marks omitted).

Since this case was started by the filing of a criminal complaint, trial "shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a).

In applying Rule 600, a court first calculates the mechanical run date, which is 365 days after the complaint was filed. The court then accounts for and adds any excludable time to the mechanical run date to produce the adjusted run date, which is the deadline for the Commonwealth to bring the defendant to trial under Rule 600.

Rule 600(C)(1) addresses excludable time as follows:

For the purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to

exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Our Supreme Court recently explained that the first sentence of Rule 600(C)(1) provides the general rule and establishes two requirements that must be met for the delay to count toward the 365-day deadline: (1) the Commonwealth caused the delay and (2) the Commonwealth failed to exercise due diligence. The *Lear*[4] Court clarified that the causation analysis precedes the due diligence inquiry, and it is only when the Commonwealth both caused the delay and lacked due diligence that the delay is properly included in the Rule 600 calculation. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.

Addressing the second sentence of Rule 600(C)(1), the *Lear* Court explained that any other periods of delay — meaning any periods of delay not caused by the Commonwealth or not resulting from the Commonwealth's lack of due diligence — are excludable and are removed from the computation of the Rule 600 deadline.

Additionally, any delay caused by the need to reschedule a trial because of a continuance attributable to the defense constituted excludable time, even if the defendant was prepared to go to trial at an earlier date. However, time attributable to the normal progression of the case simply is not delay for purposes of Rule 600, and thus counts toward the 365-day deadline.

*Id.* at 46-47 (brackets, citations, and internal quotation marks omitted).

Further, in *Lear*, our Supreme Court found the court closures caused by the COVID-19 pandemic "constitute other periods of delay for purposes of Rule 600" and are therefore excludable. *Lear*, 325 A.3d at 563 (footnote and internal quotation marks omitted). In regard to Commonwealth continuances

_____

4 ***Commonwealth v. Lear***, 325 A.3d 552 (Pa. 2024).

based upon the unavailability of a witness, this Court has held "[i]t is well-settled that the Commonwealth cannot be held to be acting without due diligence when a witness becomes unavailable due to circumstances beyond its control." **Commonwealth v. Graves**, 328 A.3d 1005, 1010 (Pa. Super. 2024) (brackets, emphasis, and citation omitted). Finally, we note that "our case law has held that to obtain relief under Rule 600, the defendant must have a valid Rule 600 claim at the time he files his motion to dismiss the charges." **Dunmore**, 324 A.3d at 7 (citations omitted).

Turning to the case at hand, we begin with determining the mechanical run date and then the adjusted run date based upon the undisputed continuances. The complaint was filed on January 14, 2021, making the mechanical run date January 14, 2022. Vasquez does not dispute that Rule 600 was suspended under a COVID-19 court closure order until June 30, 2021. **See** Appellant's Brief, at 16. That adds 168 days to the mechanical run date, making the first adjusted run date July 1, 2022. Vasquez next concedes that he requested a continuance of the preliminary hearing from December 22, 2021, until April 17, 2022. **See id.** at 17. This adds 116 days to the first adjusted run date, making the second adjusted run date October 25, 2022.

As the court's scheduling order for the Rule 600 hearing was entered on October 17, 2022, Vasquez must have filed his motion prior to the adjusted run date of October 25, 2022. Because Vasquez did not have a valid Rule 600

claim at the time he filed his motion, he is not entitled to relief. *See Dunmore*, 324 A.3d at 7.

Even if we were to address his Rule 600 claim as the trial court did below, we would find Vasquez is not entitled to relief. There are two main disputed time periods here: the time prior to the preliminary arraignment when Vasquez was incarcerated in Philadelphia County (excluding the time Rule 600 was suspended during the COVID-19 pandemic), and the time between October 6, 2022 and the Rule 600 hearing on November 28, 2022. *See* Appellant's Brief, at 16-17; Appellee's Brief, at 10-11.

The first time period spans July 1, 2021 through December 4, 2021. During that time, Vasquez was incarcerated in Philadelphia County for unrelated charges. The Commonwealth asserts it exercised due diligence in attempting to transfer Vasquez to Bucks County for these charges based upon conversations between the Bensalem Police Department and Philadelphia prison officials. *See* Appellee's Brief, at 11-12. The first conversation occurred on January 29, 2021, during which Philadelphia County officials informed Bensalem Police Department that Vasquez was incarcerated in Philadelphia County. *See* N.T. Rule 600 Hearing, 11/28/22, at 8-9. Detective Jackson interpreted this call as Philadelphia officials saying that Vasquez would not be released until Vasquez was done with the Philadelphia matter. *See id.* at 23-24.

After that phone call, Bensalem Police Department sent a copy of their arrest warrant to Philadelphia officials to serve as a detainer. *See id.* at 9. On February 25, 2021, Bensalem officials confirmed the warrant was still in place and serving as a detainer. *See id.* This was again confirmed on April 29, 2021. *See id.* at 20. After April 29, 2021, nothing more was done to attempt to arraign Vasquez until Philadelphia officials called Bensalem Police Department on December 4, 2021, and informed them that Vasquez was ready to be released. *See id.* at 10.

We find these actions to be lacking in due diligence. The Commonwealth was aware of Vasquez's incarceration in Philadelphia and only confirmed his incarceration twice over the period of eleven months. The Commonwealth did not seek to have Vasquez arraigned via video nor did they seek a writ from the court to transfer Vasquez for a preliminary arraignment. After the COVID-19 closures were lifted, the Commonwealth did not do anything to confirm whether Vasquez was still incarcerated in Philadelphia or if there were any other means available to them to have Vasquez arraigned on the new charges in Bucks County. We would therefore find the trial court erred in finding the Commonwealth acted with due diligence during the period from July 1, 2021 through December 4, 2021. However, as explained above, even including this time within the Rule 600 adjusted run date, Vasquez still filed his motion prematurely and he is not entitled to relief.

The next period of time spans from October 6, 2022 until November 28, 2022. The Commonwealth concedes it requested the continuance because a necessary witness, the DNA expert, was getting married during the week of October 6 and would not be available to testify. **See** Appellee's Brief, at 19.

As our Courts have held, it is not merely the Commonwealth's request for a continuance that causes the delay to count towards the Rule 600 clock, but the Commonwealth's request combined with their lack of due diligence. **See Walker**, 331 A.3d at 46. When a necessary witness is unavailable on the date scheduled for trial, we cannot hold the Commonwealth lacked due diligence. **See Graves**, 328 A.3d at 1010. Therefore, this time does not count against the Commonwealth and is excluded from the Rule 600 deadline. Another 53 days is added to the adjusted run date, making the new adjusted run date December 17, 2022. This date is after the court held a hearing on Vasquez's Rule 600 motion. We therefore find Vasquez is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/11/2025