J-A19025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL W. HOWARD JR. | : | No. 130 WDA 2025 |

Appeal from the Order Dated January 9, 2025
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0002051-2023

BEFORE:  BOWES, J., STABILE, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED: December 18, 2025**

The Commonwealth of Pennsylvania appeals from the January 9, 2025, order granting Appellee Michael W. Howard, Jr.'s ("Appellee") motion to dismiss all charges based upon a violation of the speedy trial rule, Pa.R.Crim.P. 600.  Since we find our review is impeded, we vacate the January 9, 2025, order and remand to the trial court for proceedings consistent with this memorandum.

The trial court set forth the factual and procedural history as follows:

A criminal complaint was filed against [Appellee] on September 9, 2023[,] with a charge of possession of a firearm with manufacturer number altered[, firearm not to be carried without a license] and [summary] offenses.[1]  [Appellee] was initially represented by the Office of the Public Defender.  Attorney Rhodes was retained as private counsel subsequently.  On October 4, 2024, by and through his newly obtained private counsel,

---

[1] 18 Pa.C.S.A. §§ 6110.2(A), 6106(A)(2); 75 Pa.C.S.A. §§ 1372(3) (display plate card in improper vehicle), 1301(A) (driving an unregistered vehicle).

[Appellee] filed an omnibus pre-trial motion before [the trial court]. A hearing was held on the same on October 30, 2024. After consideration, [the trial court] denied [Appellee's motion]. On November 20, 2024, [Appellee] filed a motion to dismiss based on Rule 600. [Appellee] alleged that his case expired on or about November 4, 2024. A hearing was held on December 11, 2024. After careful review, [the trial court] granted the Rule 600 motion dismissing the charges against [Appellee] with prejudice. The Commonwealth filed a motion for reconsideration which was denied.

Trial Court Opinion, 4/3/25, at 1-2 (unnecessary capitalization omitted). In granting the Rule 600 motion, the trial court found that the Commonwealth failed to exercise due diligence:

[The trial court] denied [Appellee's] omnibus pre-trial motion by order dated October 31, 2024. The order denying the motion was filed one (1) business day before the start of the November criminal trial term which began on November 4, 2024. According to the testimony, the Commonwealth received notice of the denial in the late afternoon on November 1, 2024, which was less than one (1) business day before the start of the trial term. The Commonwealth's trial coordinator notified [Appellee's] counsel that this matter would appear on the November criminal trial list after receiving notice of [the trial court's] order.

The Commonwealth argued and baldly asserted that because of the short notice of the start of the trial term it was unable to subpoena and secure the attendance of its witnesses for trial. However, the Commonwealth failed to present any testimony from the individual responsible for subpoenaing witnesses to establish that the Commonwealth did make efforts to subpoena or at least contact these witnesses for availability for the trial term and were unable to secure their attendance at trial due to the short notice that this matter needed to be called for trial. Had such testimony been offered, [the trial court] may have been inclined to find that the Commonwealth exercised due diligence.

Trial Court Opinion, 1/9/25, at 1-2 (unnecessary capitalization omitted). This appeal followed. Both the trial court and the Commonwealth have complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issues for our review, all variations of the argument that the trial court abused its discretion by granting Appellee's motion to dismiss:

1. Did the trial court err in concluding that the Commonwealth failed to exercise due diligence in prosecuting the case against Appellee pursuant to [Rule 600] when the trial court issued a statement in lieu of opinion and order denying Appellee's omnibus pretrial motion one (1) business day prior to the start of the county's "criminal court week"; the Appellee filed said [motion] one (1) business day prior to the start of the county's preceding "criminal court week" and four (4) days prior to the expiration of said case; and the Commonwealth had been prepared to call the matter for trial at the time said omnibus pretrial motion was filed?

2. Did the trial court err in concluding that the Commonwealth failed to exercise due diligence in prosecuting the case against Appellee . . . when the delay should have been attributable to the trial court due to its issuance of the [order denying Appellee's pretrial motion] one (1) business day prior to the start of the county's "criminal court week," giving the Commonwealth an unreasonable period of time in which to subpoena witnesses and prepare the matter for trial?

3. Did the trial court abuse its discretion in concluding that the Commonwealth failed to exercise due diligence in prosecuting the case against Appellee . . . when the Commonwealth demonstrated that it put forth a reasonable effort in prosecuting the criminal matter, and that the delay was attributable to Appellee's filing of his omnibus pretrial motion well outside of the time period required by [Pa.R.Crim.P.] 579 and without good cause?

4. Did the trial court abuse its discretion in concluding that the Commonwealth's claim that it was unable to subpoena and secure witnesses in time for trial had been "baldly asserted" when that assertion was reasonable in light of numerous factors, including the late filing of Appellee's omnibus pretrial motion; the timing of the trial court's order denying [the motion]; and the trial procedures established in Fayette County?

5. In the alternative to Issue 4, did the trial court err in subsequently denying the Commonwealth's motion for reconsideration of its [order granting Appellee's Rule 600 motion] when the trial court acknowledged that "had [testimony regarding the availability of witnesses] been offered, [the trial court] may have been inclined to find that the Commonwealth exercised due diligence" but then refused to allow the Commonwealth to supplement the record with said testimony?

Commonwealth's Brief, at 4-5 (unnecessary capitalization omitted).

When presented with a speedy trial claim arising under Rule 600,

our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether the accused's right to a speedy trial has been violated, consideration must be given to society's right to

effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters . . ., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right to the community to vigorous law enforcement as well.

***Commonwealth v. Dunmore***, 324 A.3d 1, 5 (Pa. Super. 2024) (citation and brackets omitted).

Rule 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The 2013 amendments simplified the computation of time by eliminating the need to identify delay times attributable to the defense. Rather, Rule 600(C)(1) now simply excludes all delay except for that attributable to times when the Commonwealth caused delay when acting with due diligence. The time periods formally delineated as excludable time under Rule 600(C) now are simply examples of excluded time.[2] ***See*** Pa.R.Crim.P. 600 cmt.

---

[2] Prior to its amendment in 2013, Rule 600 provided in part:

In determining the period for commencement of trial, there shall be excluded therefrom:

*(Footnote Continued Next Page)*

- 5 -

Amended Rule 600 now provides concisely in pertinent part:

**(C) Computation of Time**

(1)    For Purposes of paragraph (A), periods of delay at any stage of the proceedings **caused by the Commonwealth** when the Commonwealth has **failed to exercise due diligence** shall be included in the computation of the time within which trial must commence.  Any other periods of delay shall be excluded from the computation

Pa.R.Crim.P. 600(C)(1) (emphases added).  To decide whether Rule 600 was violated, "a court must first calculate the 'mechanical run date,' which is 365 days after the complaint was filed, and then must account for any 'excludable time.'"  ***Commonwealth v. Lear***, 325 A.3d 552, 560 (Pa. 2024) (brackets omitted).  Our Supreme Court recently clarified the computation of time:

Rule 600 establishes two requirements that must be met for delay to count toward the 365-day deadline: (1) the delay must be

_____

(1)    the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2)    any period of time for which the defendant expressly waives Rule 600;

(3)    such period of delay at any stage of the proceedings as results from:

(a)  the unavailability of the defendant or the defendant's attorney;

(b)  any continuance granted at the request of the defendant or the defendant's attorney.

Pa.R.Crim.P. 600(C) (effective until July 1, 2013).

caused by the Commonwealth; **and** (2) the Commonwealth must have failed to exercise due diligence. The second sentence of Rule 600(C)(1) then explains that "any other periods of delay" – meaning any periods of delay not caused by the Commonwealth or not resulting from the Commonwealth's lack of due diligence – are "excludable" and are removed from the computation of the Rule 600 deadline. Once the "excludable time" is calculated, this time is added to the "mechanical run date" to produce the "adjusted run date," which is the deadline for the Commonwealth to bring the defendant to trial under Rule 600.

*Lear*, 325 A.3d at 560 (emphasis in the original; brackets removed).

The Commonwealth bears the burden of proving, by a preponderance of evidence, that it acted with due diligence through the proceedings. *Commonwealth v. Thompson*, 136 A.3d 178, 183 (Pa. Super. 2016). Due diligence is fact-specific and determined on a case-by-case basis. *See Commonwealth v. Claffey*, 80 A.3d 780, 786 (Pa. Super. 2013). Due diligence "requires the Commonwealth to put forth a reasonable effort but does not demand perfect vigilance or punctilious care." *Id.*

Here, the lack of a proper Rule 600 analysis by the trial court, coupled with the lack of a transcript from the Rule 600 hearing, impedes our review. "This Court cannot and will not serve as counsel for any party; it is not our role to scour the record to find support for the claims raised." *Feldman v. CP Acquisitions 25, L.P.*, 325 A.3d 691, 702 (Pa. Super. 2024). The trial court did not conduct a proper Rule 600 analysis – it did not set forth the mechanical run date, the periods of delay and whether said periods were excludable, how it calculated the adjusted run date, or whether the Commonwealth was diligent throughout the life of the proceedings. Moreover,

without a transcript, we are unable to determine whether the December 11, 2024, proceeding was a hearing where testimony was elicited or merely oral argument. We are further unable to determine if that proceeding was even recorded or transcribed.

Accordingly, we vacate the January 9, 2025, order and remand this matter to the trial court for further proceedings and the issuance of a new order with a proper Rule 600 analysis to which either party may appeal.

Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/18/2025